MILLAUDON *vs.* WESTERN MARINE AND FIRE INSURANCE CO.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where a policy of insurance against fire, covers fifteen thousand dollars of the property insured; and a second policy is taken out of another office on the same property, as a valued one, which is endorsed on the first policy; it cannot have the effect of putting the first office *in duriori casu*, or to convert its policy from an open to a valued one.

If a subsequent policy contain no provision in respect to prior insurances, the amount of insurable interest in it will be the same as for the first policy; for the assured may insure again and again the same property, but can recover but one indemnity, and this he may recover of the first or subsequent underwriters. Those who pay the loss, may demand a proportionable contribution from the other underwriters, who are, in this respect, sureties for each other.

Insurance on merchandise, furniture or buildings, against fire, the rules as to valuation are the same as in relation to a ship or cargo. If the policy is open in its form, the value of the interest must be proved.

The amount of interest insured in a subsequent policy, will depend on the amount insured in previous policies. A cargo valued at twelve thousand dollars, and in a second policy was insured at twenty-seven thousand five hundred dollars; there remained an unsurable interest of fifteen thousand five hundred dollars, embraced by the second insurance.

This is a case of insurance against fire, on a policy executed by the defendants the 4th of February, 1834, to W. T. Thompson, and by him transferred to the plaintiff. The latter seeks the recovery of fifteen thousand dollars, the amount insured therein, on a block consisting of five houses or tenements, destroyed by fire, as in case of a total loss.

The plaintiff alleges that said property was insured against loss or damage by fire, say on five tenements, on each building three thousand dollars, for the sum of fifteen thousand dollars for one year. That your petitioner caused a further insurance of fifteen thousand dollars to be made on said pro-

EASTERN DIST.
January, 1836.

MILLAUDON
vs.
WESTERN MA-
RINE AND FIRE
INSURANCE CO.

perty, by the New-Orleans Insurance Company, valuing the same at thirty thousand dollars, of which due notice was given to the defendants. That within the period mentioned in the policy, the said buildings were totally destroyed by fire, and were worth the full sum of thirty thousand dollars for which they were insured, and he has sustained damages and loss by their destruction, to that amount. He further alleges he made the necessary preliminary proof and demanded payment, which was refused, &c. He, therefore, prays judgment for the sum of fifteen thousand dollars, with interest and costs.

The defendants denied they were indebted to the amount of the sum claimed; but that the plaintiff can only claim the amount of the actual loss or damage he had sustained by the fire and destruction of the property insured, which is nine thousand two hundred and fifty dollars, and that they have been always willing to pay that amount, which has been tendered since the institution of suit. They pray for judgment and costs.

Upon these pleadings and issues, the parties went to trial. The evidence fully showed the destruction and loss of the property insured, by fire, and its value to exceed the sum insured on it. The policies under which the property was insured in both offices, were also in evidence. The conditions and obligations imposed by them on the parties, are fully stated and set forth, in the opinion of the court.

The cause was submitted to a jury, who returned a verdict for the plaintiff, allowing him the amount claimed, and interest, from judicial demand.

The judge presiding, charged the jury that " the policy sued on was an open one, by which the defendants insured three thousand dollars on each of the five tenements. Had these tenements been destroyed before a further insurance was effected with the Orleans Insurance Company, it cannot be doubted that the defendants would have had a right to require of the plaintiff, proof that the property was worth the amount insured.

Eastern Dist.
January, 1836.

MILLAUDON
vs.
WESTERN MA-
RINE AND FIRE
INSURANCE CO.

"It is questionable whether the subsequent insurance effected in the Orleans office, with the knowledge of the defendants, did not alter the first policy into a valued policy. In the policy taken out of the Orleans office, the five tenements are valued at six thousand dollars each; and it is a proper question for the jury to decide, whether or not the knowledge given to the defendants of the insurance subsequently effected, and the endorsement made by them on their own policy, amounted to an assent on their part, and an acknowledgment of the value of the property insured. If it did, the policy of the defendants thereby assumed the character of a valued policy; and on a valued policy, the party assured must recover, unless fraud is alleged and proved by the insurer.

"The whole question, however, relative to the nature or description of the policy in this case, is a proper subject for the jury to examine, and if they should be of opinion that the original policy was not altered but continued the same, an open policy, they may inquire into the value of the property, and according to the evidence, fix the loss sustained by the plaintiff, and the amount for which the defendants are liable."

The defendants excepted to the charge of the judge; and from the judgment confirming the verdict, they appealed.

*Slidell*, for the plaintiff.

1. The rules regulating the contract of indemnity in fire insurances, do not differ from those which have been established in relation to marine insurances. 5 *Johnson's Reports*, 373. *Phillips on Insurance*, 320. 1 *Hall's Reports*, 111, 113.

2. This policy, if taken in connection with that of the Orleans Insurance Company, which was communicated to the defendants, is clearly a valued policy insuring fifteen thousand dollars on five stores valued at thirty thousand dollars. If taken separately, without reference to that policy, the defendants are bound, by their own showing, to pay the full amount of loss. Where a policy is valued, the under-writers are bound by it, and cannot be permitted to enter into

EASTERN DIST.
January, 1836.

MILLAUDON
vs.
WESTERN MA-
RINE AND FIRE
INSURANCE CO.

an examination of value, unless upon an allegation of fraud or misrepresentation. 5 *Johnson's Reports,* 368. *Phillips on Insurance,* 304-5. 4 *Martin, N. S.,* 661. *Ibid.* 640.

3. The testimony shows the property to have been worth the full amount insured on it. This was a question of fact submitted to the jury, and the court will not disturb their verdict, unless manifestly erroneous.

*Maybin,* for the defendants.

1. The policy sued on is not a valued policy. Fire policies are usually, though not invariably, open policies ; and the insurance effected, is simply one of indemnity for the loss actually sustained. The first policy taken out of the Orleans Insurance office, is a valued one. *Hughes on Insurance,* 310. 1 *Hall's Reports,* 42. 4 *Louisiana Reports,* 289.

2. If the policy sued on be not a valued policy, then the plaintiff can only recover the actual loss he has sustained, and no more. This is shown by the evidence to be but nine thousand two hundred and fifty dollars ; as offers were made by builders, to re-build the property destroyed for eighteen thousand five hundred dollars; the defendants paying one-half.

3. The plaintiff contends, that by presenting the policy effected in the Orleans office on the same buildings, subsequently, in which they are valued at thirty thousand dollars, to the defendants and their endorsement thereon to that effect, was an assent, on their part, to that valuation, and made the policy sued on a valued policy. This inference cannot be made. The policy itself, and the 6th article of its conditions, require insurance made at any other office, to be made known to it, and that only a rateable proportion of the loss be paid. 2 *Condy's Marshall on Insurance,* 788.

4. There is no evidence that the defendants assented that the policy taken out of the Orleans office was a valued one : the endorsement gave none ; the secretary who made the endorsement, gave no such assent; and the charter forbids it. Being a corporation, it could only contract in the mode prescribed by its charter. 2 *Cranch,* 166.

5. The jury allowed interest in this case, which was erroneous. *Code of Practice*, 554. *3 Louisiana Reports*, 373.

EASTERN DIST.
January, 1836.

MILLAUDON
vs.
WESTERN MA-
RINE AND FIRE
INSURANCE CO.

*Bullard, J.,* delivered the opinion of the court.

This is an action upon a policy of insurance against fire, subscribed by the defendants upon five tenements, three thousand dollars on each. The total loss by fire, is admitted within the time limited by the policy, and it is admitted that the value of the property greatly exceeds the amount under-written by the defendants. The case would, therefore, be perfectly free of difficulty, independently of a second policy obtained by the plaintiff from another company for a further sum of fifteen thousand dollars, of which due notice was given to the defendants, and the second policy endorsed on the first. The defence in this case turns upon the question how far the obligations of the first insurers have been modified or changed by the second policy, according to a just interpretation of the sixth condition of the insurance, which declares that "persons insuring property at this office, must give notice of any other insurance made elsewhere on their behalf on the same, and cause such other insurance to be endorsed on their policies, in which case each office shall be liable to the payment only of a rateable proportion of any loss or damage which may be sustained, and unless such notice is given, the insured shall not be entitled to recover in case of loss."

The second insurance, by the New-Orleans Insurance Company, was on the same property or tenements, " *valued* at six thousand dollars each, making in all thirty thousand dollars, of which fifteen thousand dollars are insured in the Western Marine and Fire Insurance Company: this policy covers the other fifteen thousand dollars."

This last is clearly a valued policy, and according to the general principle of the law of insurance, in case of total loss, such valuation would be binding on the insurers, unless fraud be shown.

It cannot be said that the valuation by the second policy, became by notice to the first insurers binding on them, and

Where a poli-
cy of insurance
against fire cov-
ers fifteen thou-
sand dollars of
the property in-
sured, and a
second policy is
taken out of
another office on
the same proper-
ty, as a valued
one, which is en-
dorsed on the
first policy; it
cannot have the
effect of putting
the first office *in
duriori casu*, or
to convert its po-

EASTERN DIST.
January, 1856.

MILLAUDON
vs.
WESTERN MA-
RINE AND FIRE
INSURANCE CO.

converted their policy from an open to a valued one. If so, there is an end of the case, for the loss being total, and the valuation conclusive, as to the indemnity to be paid, each office would have to sustain one-half of the loss estimated at thirty thousand dollars. The second policy, clearly cannot put the first insurers *in duriori casu*, and it follows, that even in case of total loss, the first insurers would be liable only to make good the loss, if that loss really amounted to the sum subscribed by them.

The second insurers admit, by their policy, that there remained an interest in the assured, not covered by the first policy, amounting to fifteen thousand dollars. This interest is covered by them. It appears to be a settled principle, that if the subsequent policy contain no provision in respect to prior insurances, the amount of insurable interest for such policy will be the same as for the first, for the assured may insure again and again the same property, against the same risks, if he will pay the premium ; but he can recover but one indemnity, and this he may recover of the first or subsequent underwriters, and those who pay the loss, may demand a proportionable contribution from the other insurers. The different underwriters are, by this means, sureties for each other. 1 *Phillips*, 326.

The same author says expressly, that in case of insurance on merchandise, furniture or buildings, against fire, the rules as to valuation, are the same as in relation to a ship or cargo; if the policy is open in its form, the value of the interest must be proved. 1 *Phillips*, 320.

If the defendants will not adopt the second insurance as to valuation, we cannot well see how they can take advantage of it for the purpose of exonerating themselves from a part of the loss for which they are clearly liable under their own policy. It appears to us, that the sixth condition applies to subsequent insurances, by which the same interest is covered as by the first, or to cases of several successive open policies on the same property, and to guard against double insurances. The same author, above cited, lays down the doctrine, under the authority of decided cases, that the amount of interest to

licy from an open to a valued one.
If a subsequent policy contain no provision in respect to prior insurances, the amount of insurable interest in it will be the same as for the first policy; for the assured may insure again and again the same property, but can recover but one indemnity; and this he may recover of the first or subsequent underwriters. Those who pay the loss, may demand a proportionable contribution from the other underwriters, who are, in this respect, sureties for each other.
Insurance on merchandise, furniture or buildings, against fire, the rules as to valuation are the same as in relation to a ship or cargo. If the policy is open in its form, the value of the interest must be proved.
The amount of interest insured in a subsequent policy, will depend on the amount insured in previous policies. A cargo

which a subsequent policy applies, will depend on the amount insured in the previous policies; a cargo valued in a prior policy at twelve thousand dollars, the amount insured, was valued in a second policy at twenty-seven thousand five hundred dollars. Though the whole cargo was insured in the first policy, yet there remained an insurable interest of fifteen thousand five hundred dollars for the second. Since, as the property was valued in the second policy, this excess remained over the amount previously insured. 1 *Phillips* 327.

We are, therefore, of opinion, that the defence here set up, cannot avail the defendants, and that they are liable to pay the full amount underwritten by them.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.

*Margin note:* EASTERN DIST. *January*, 1836.

valued at twelve thousand dollars, and in a second policy was insured at twenty-seven thousand five hundred dollars; there remained an insurable interest of fifteen thousand five hundred dollars, embraced by the second insurance.